# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| J.R. D. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 04124 |
| v. ) | |
| ) | Wayne R. Andersen |
| CHICAGO TRANSIT AUTHORITY ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court because Plaintiff J.R. D. Woods failed to prosecute his case or comply with discovery proceedings before Judge Martin Ashman, despite repeated warnings and sanctions requiring him to do so. In light of Plaintiff's consistent failure to follow court orders and discovery rules, we dismiss his claims with prejudice.

### Background

In a complaint filed on June 18, 2004, Plaintiff J.R. D. Woods ("Woods") alleged that the Chicago Transit Authority ("CTA") violated Title VII by discriminating against him on the basis of his sex. Plaintiff prevailed against the CTA's motion to dismiss, and on April 15, 2005, this Court referred the case to Judge Martin Ashman to oversee discovery proceedings. Over the next several months, Plaintiff Woods consistently failed to prosecute his case or comply with discovery proceedings by failing to give depositions, terminating depositions prematurely, and refusing to answer questions in depositions. Plaintiff also violated Judge Ashman's order that he not wear mirrored sunglasses at depositions. On November 30, 2005, Judge Ashman found that Plaintiff had intentionally delayed and frustrated discovery in the case, granting Defendant's Motion for Sanctions

and awarding attorney fees. However, Judge Ashman denied Defendant's motion to dismiss the case as a sanction for Plaintiff's discovery violations.

On December 27, 2005, Plaintiff moved to vacate Defendant's motion for sanctions, claiming he provided true and accurate answers and was cooperative in the discovery process. He also asserted that he had not produced certain documents because he could not find them, could not remember where they were, or had turned them over to the federal government. He further stated that he had not provided Defendant with phone numbers and addresses for certain witnesses because he believed they were irrelevant and did not intend to call them at trial, and that he did not answer certain questions during deposition because they were irrelevant and beyond the scope of his claims. Finally, Plaintiff claimed he wore mirrored sunglasses at depositions due to certain eye problems. On January 11, 2006, Judge Ashman denied Plaintiff's motion, giving him two weeks to respond to Defendant's petition for attorney fees and list of evidence to be excluded. Oral arguments were set for February 10, 2006 and later changed to February 16, 2006.

Plaintiff did not appear for oral arguments on February 16, nor did he respond to Defendant's petition for attorney fees or list of evidence to be excluded. Consequently, Judge Ashman sanctioned Plaintiff by precluding the items on Defendant's list from evidence and granting Defendant's petition for $2,673.00 in attorney fees, ordering that Plaintiff pay by March 13, 2006.

On February 21, 2006, Plaintiff filed a motion entitled, "Motion to Extend Time for Motion or Answer for Proclaimed Failure to Cooperate in the Discovery Process, or In the Alternative to Compel Answers to Interrogatories and Deposition Questions," noticing the motion for presentment on March 14, 2006. Plaintiff failed to appear before Judge Ashman on that date, thus the Court struck the motion for Plaintiff's failure to present and explain it.

Plaintiff next failed to appear for a status hearing on March 17, 2006. At this time, Defendant informed Judge Ashman that Plaintiff had not yet paid the $2,673.00 for attorney fees. To date, Plaintiff has not made any attempt to pay any of that amount. At this point, Judge Ashman recommended to this Court that the matter be dismissed with prejudice for Plaintiff's failure to comply with discovery proceedings and court orders, and for failure to prosecute his case.

## Standard of Review

Of all possible sanctions, dismissal is considered "draconian," and dismissal is appropriate only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight. *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992); *see also Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958). Because of its severity, the Seventh Circuit has circumscribed the range of cases in which dismissal may be used as a sanction.

Federal Rule of Civil Procedure 37 sets forth procedures for enforcing discovery and sanctioning misconduct. If a party fails to appear at a deposition after having been properly notified, or to serve answers or objections to interrogatories submitted under Federal Rule of Civil Procedure 33, a court may make such orders in regard to the failure as are just. Fed. R. Civ. P. 37(d). If a court grants a motion made under Federal Rule of Civil Procedure 37(d), it has broad discretion to impose sanctions, including an order: (A) designating certain facts be taken as established; (B) baring the disobedient party from introducing evidence or claims; and (C) striking pleadings, staying the litigation until the obligation is satisfied, dismissing the action, or of default. Fed. R. Civ. P. 37(d). The court may also award reasonable expenses, including attorney's fees, against the party failing

to act, unless the court finds that the failure was substantially justified, or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d).

The Seventh Circuit requires a finding of willfulness, bad faith or fault when dismissals are used specifically as a discovery sanction under Rule 37. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *cf. In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court). That is, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000); *Schilling*, 805 F.2d at 278. Conduct which constitutes bad faith includes "intentional or reckless disregard" of the rules. *Marrocco*, 966 F.2d at 224. In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).

As reflected in Federal Rule of Civil Procedure 41(b), it is the plaintiff's duty to prosecute a case and his failure to do so may warrant dismissal. Fed. R. Civ. P. 41(b). The factors under Rule 37 are similar to the factors a court considers when determining whether to dismiss for failure to prosecute under Rule 41(b). Factors include the duration of the plaintiff's failures, whether plaintiff had received notice that further delays would result in dismissal, whether the defendant is likely to be prejudiced by further delay, the balance between alleviating court calendar congestion and

4

protecting a party's right to due process and a fair chance to be heard, and the efficacy of lesser sanctions. The Seventh Circuit has held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Schilling v. Walworth Sheriff Park and Planning Comm'n*, 805 F.2d 272, 278 (7th Cir. 1986). We evaluate Judge Ashman's recommendations under these standards.

### A) Dismissal for Failure to Comply with Discovery Rules

The Court considers numerous factors before deciding whether to adopt Judge Ashman's recommendation of dismissal, including: (1) the willfulness of the non-compliant party, bad faith, or fault; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance.

#### *(1) Willfulness, Bad Faith, or Fault*

Plaintiff Woods consistently violated Judge Ashman's orders to respond to Defendant's interrogatories, answer questions during his depositions, and remove his mirrored sunglasses during depositions. This consistent disregard for the rules of discovery and court orders meets the Seventh Circuits requirements for bad faith. *Marrocco*, 966 F.2d 220 at 224.

Further, the Seventh Circuit interprets the "fault" component to mean that a party has acted unreasonably. *Long v. Steepro*, 213 F.3d 983, 986-87 (7th Cir. 2000). Here, the Plaintiff acted unreasonably at best. He failed to respond to Defendant's interrogatories, failed to answer questions during depositions, and failed to comply with Judge Ashman's order to remove his mirrored sunglasses during depositions. *See Bolanowski v. GMRI, Inc.*, 2006 U.S. App. LEXIS 10866 *6-7

5

(7th Cir. 2006) (dismissal appropriate under Rule 37 when plaintiff failed to respond to any of six motions regarding discovery, three court orders to produce discovery, two court orders imposing sanctions, or a host of letters from defendant requesting various documents). Finally, Plaintiff did not provide Judge Ashman with adequate justifications for his failure to comply.

### (2) Efficacy of Lesser Sanctions

When a court dismisses a case under Rule 37 without "a clear record of delay, contumacious conduct or prior failed sanctions," it must first consider and explain why lesser sanctions would be inappropriate. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). This requirement is not necessary in this matter; Judge Ashman attempted to compel Plaintiff Woods' compliance by implementing lesser sanctions prior to recommending dismissal, including precluding items from evidence and awarding $2,673.00 in attorney fees. Despite encountering these less-draconian sanctions, Plaintiff has not yet complied with discovery proceedings nor met his obligations before Judge Ashman. Further, he has not yet submitted a convincing reason for his failure to do so. Accordingly, we find that lesser sanctions have not been effective in resolving Plaintiff's discovery deficiencies.

### (3) Prejudice to the Opposing Party

Plaintiff's self-serving refusal to provide Defendant certain information, including answers to deposition questions and the addresses and phone numbers of witnesses, prejudices the CTA in the preparation of a defense. Thus, to the extent that Plaintiff has prevented Defendant from obtaining such information, he has hindered the CTA in defending itself.

### (4) Duration of the Period of Non-Compliance

Plaintiff Woods has persistently refused to provide Defendant with necessary information

6

or make himself available for a full deposition. Defendant repeated its requests for the outstanding discovery and proposed new dates for his deposition at regular intervals. Judge Ashman extended discovery in order for Defendant to obtain Plaintiff's deposition, yet Plaintiff either failed to attend, terminated his deposition early, or failed to answer the questions asked of him. Defendant's intransigence is the sole reason that discovery was not concluded in November, 2005, after the extensions Judge Ashman granted. Instead, the case has persisted without resolution for over thirteen months. The merits of the matter are yet untouched.

*(5) Warnings of Consequences to the Non-Complying Party*

Given the extremely harsh nature of dismissal as a sanction, this Court finds it improper to dismiss a case under Rule 37 unless the non-complying party has been sufficiently warned that further intransigence warrants dismissal. *See Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). Here, Judge Ashman issued lesser sanctions (including awarding attorney fees) to compel Plaintiff to submit to the rules of discovery, and in so doing ordered that "in the event that Plaintiff fails to pay the amount of $2,673.00 on or before 3/16/2006, the matter will be dismissed with prejudice." (Docket No. 49). Plaintiff was aware of the penalties awaiting further noncompliance. Despite the Court's unequivocal warning that further noncompliance would lead to dismissal, Plaintiff failed to appear for a motion he noticed up in his defense for March 14, 2006 and failed to even attempt to meet Judge Ashman's order for compliance. While the Court recognizes that Plaintiff may not be in a financial position to pay the entire sum of $2,673.00, we also note that he has not made any effort to pay any sum of money pursuant to the sanctions Judge Ashman imposed.

Finally, the Supreme Court has held that an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from

7

non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general. *See National Hockey League*, 427 U.S. 639. In light of the numerous factors considered above, we find that dismissing Plaintiff's case for failure to comply with discovery rules furthers the Court's policy goals. Accordingly, we find Judge Ashman's recommendation meritorious and take the extraordinary step of dismissing the case with prejudice pursuant to Federal Rule of Civil Procedure 37.

## B) Dismissal for Plaintiff's Failure to Prosecute Complaint

The Seventh Circuit has previously recognized the text of Rules 37(b) and 41(b) overlap – both cover failures to comply with court orders. *Maynard v. Nygren*, 332 F.3d 462, 468 n.2 (7th Cir. 2003); *see Ladien*, 128 F.3d at 1056 n.5.

Beginning in September, 2005, Plaintiff established a pattern of failing to appear for scheduled court dates, including oral arguments and presentment of motions filed by Plaintiff himself. Further, Plaintiff's refusal to comply with discovery rules and court orders frustrates any resolution of his complaint, and continues to drain the resources of Defendant, Judge Ashman, and this Court.

Dismissal under Rule 41(b) requires contumacious conduct, *Maynard*, 332 F.3d at 467; Plaintiff's contumaciousness is evident from his disregard for the court's initial order scheduling discovery, his failure to adequately avail himself for full deposition, and his inability to attend scheduled court proceedings. *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003) (analyzing dismissal under both Rule 37(b) and 41(b) and concluding that repeatedly missed deadlines for discovery and motion practice justified dismissal). Accordingly, we find dismissal under Rule 41(b) appropriate, given that Plaintiff offered no persuasive excuse for his

failure to comply with the court's orders. *See In re Golant*, 239 F.3d 931, 936-37 (7th Cir. 2001) (upholding dismissal where party repeatedly violated court's discovery orders and could not explain his failure to comply).

## CONCLUSION

For the foregoing reasons, we adopt Judge Ashman's Report and Recommendation that we dismiss this case pursuant to Federal Rules of Civil Procedure 37 and 41(b).

								_____
									Wayne R. Andersen
									United States District Judge

Dated: August 18, 2006